1  McGREGOR W. SCOTT
   United States Attorney
2  S. ROBERT TICE-RASKIN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2738

5  Attorneys for Plaintiff
   United States of America

FILED

MAY 26 2005

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,     )   Case No. S-03-535-DFL
                              )
         Plaintiff,           )   STIPULATION REGARDING
                              )   EXCLUDABLE TIME PERIODS UNDER
     v.                       )   SPEEDY TRIAL ACT; [PROPOSED]
                              )   FINDINGS AND ORDER
SCOTT POLL,                   )
                              )
         Defendant.           )
                              )
_____)

     Plaintiff United States of America, by and through its counsel of record, and defendant Scott Poll, by and through his counsel of record, hereby stipulate as follows:

     1.    Defendant was indicted on December 17, 2003. Defendant first appeared before Magistrate Judge Hollows, a judicial officer in the court in which this charge is pending, on January 6, 2004. The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., originally required that the trial for this matter commence on or before March 16, 2004. On January 6th, at the request of defendant and without opposition from the government, this matter was set for status on January 21, 2004 before Judge Levi. In

1  addition, at the request of defendant, for the purpose of
2  computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et
3  seq., within which trial must commence, the time period from
4  January 6, 2004 through January 21, 2004 was deemed excludable
5  pursuant to 18 U.S.C. § 3161(h)(8)(A) and B(ii) [Local Code T2]
6  and (iv) [Local Code T4].

   2.  By stipulations and orders previously filed or made in open court, Judge Levi continued the matter to May 26, 2005 for partial change of plea and excluded time from January 21, 2004 until May 26, 2005, under Local Codes T2 and T4. Trial was previously set for October 31, 2005.

   3.  By this stipulation, defendant Poll now moves to exclude time between May 26, 2005 and the trial date of October 31, 2005, under Local Codes T2 and T4. Plaintiff does not oppose this request.

   4.  The parties agree and stipulate, and request that the court find the following:

   a.  This is a complex prosecution, which alleges that defendant Poll and co-conspirators engaged in a five-year, multi-million dollar scheme to commit cable piracy, mail fraud and money laundering throughout the United States and abroad. The government has represented that there is voluminous discovery associated with the case which includes thousands of pages of materials obtained via grand jury subpoena and scores of boxes of materials seized in connection with

2

search warrants, including a series of seized computers with stored data. At present, the government has produced approximately 1,911 pages of written discovery and has made the search warrant and grand jury documents available for inspection.

b. Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation related to the charges, to pursue additional potential plea negotiations with the government, to review and potentially copy discovery for this matter, and to prepare for trial. Defense is handling a variety of other criminal and civil matters at present which will occupy a substantial portion of his time.

c. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. Counsel for defendant has specifically discussed all of the contents of this stipulation with his client and represents that his client concurs with the contents of this stipulation.

f. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial

1  within the original dates prescribed by the Speedy
2  Trial Act.
3  g.  For the purpose of computing time under the Speedy
4      Trial Act, 18 U.S.C. § 3161, et seq., within which
5      trial must commence, the time period of May 26, 2005,
6      2005 to the trial date of October 31, 2005, inclusive,
7      is deemed excludable pursuant to 18 U.S.C.§
8      3161(h)(8)(A), B(ii) and (iv) [Local Codes T2 and T4]
9      because it results from a continuance granted by the
10     judge at defendant's request on the basis of the
11     judge's finding that the ends of justice served by
12     taking such action outweigh the best interest of the
13     public and the defendant in a speedy trial.
14 5. Nothing in this stipulation and order shall preclude a
15 finding that other provisions of the Speedy Trial Act dictate
16 that additional time periods are excludable from the period
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

4

within which a trial must commence.

IT IS SO STIPULATED.

DATED: 5/26, 2005.

_____
S. ROBERT TICE-RASKIN
Assistant United States Attorney

DATED: 24 May, 2005.

_____
ANTHONY SICILIANO
Counsel for Defendant Poll

O R D E R

IT IS SO FOUND AND ORDERED this 26 day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

5