McGREGOR W. SCOTT
United States Attorney
S. ROBERT TICE-RASKIN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2738

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. S-03-535-DFL |
| ) | |
| Plaintiff, ) | <u>FINDINGS OF FACT</u> |
| ) | <u>AND CONCLUSIONS OF LAW FOR</u> |
| v. ) | <u>SENTENCING PURSUANT TO</u> |
| ) | <u>FED.R.CRIM.P. 32</u> |
| DARRYL SCOTT POLL, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, through its counsel of record, and defendant, with his counsel of record, appeared for sentencing on 1 June 2007. The following constitute the Court's findings, conclusions and determinations pursuant to Fed.R.Crim.P. 32 with respect to the defendant's objections and the Government's objections:

**I.  Defendant's Objections**

<u>PSR Page 2, PSR ¶ 12: Aliases</u>
    The Court will not resolve this factual issue or consider it for the purposes of sentencing as it will not materially impact the sentencing analysis, whether under the Guidelines or 18 U.S.C. § 3553. Defendant withdraws this objection.

<u>PSR ¶ 8: Injunction</u>
    The Court believes that the previous injunction from the CDCA clearly applies to the offense conduct at issue in this case and that any reasonable person would have understood the injunction to bar the manufacture and sale of descramblers nationwide. That said, the Court deferred ruling on this objection.

<u>PSR ¶ 10: Why Defendant Started His Illegal Operations</u>
    The Court deferred ruling on this objection.

PSR ¶¶ 10, 11: Locating the Business in Las Vegas
     The Court has not ruled on this objection.

PSR ¶¶ 10, 11:  Decision Making for the Business
     The Court has not ruled on this objection.

PSR ¶ 11: Place of Business
     The Court has not ruled on this objection.

PSR ¶ 12: Lack of Signage in Simi Valley
     The Court will not resolve this factual issue or consider it for the purposes of sentencing as it will not materially impact the sentencing analysis, whether under the Guidelines or 18 U.S.C. § 3553.  Defendant withdraws this objection.

PSR ¶ 13: Advertising
     Defendant's objection is sustained.  The PSR will be amended to reflect that none of the cable business advertisements mentioned access to pay-per-view.

PSR ¶ 14: Stolen Descramblers
     Defendant withdraws this objection.

PSR ¶ 15: Drop Shipping
     The Court will not resolve this factual issue or consider it for the purposes of sentencing as it will not materially impact the sentencing analysis, whether under the Guidelines or 18 U.S.C. § 3553.  Defendant withdraws this objection.

PSR ¶ 16: Cablevision Injunction
     The Court will not resolve this factual issue or consider it for the purposes of sentencing as it will not materially impact the sentencing analysis, whether under the Guidelines or 18 U.S.C. § 3553.  Defendant withdraws this objection.

PSR ¶ 17: Red Rock Group
     The Court will not resolve this factual issue or consider it for the purposes of sentencing as it will not materially impact the sentencing analysis, whether under the Guidelines or 18 U.S.C. § 3553.  Defendant withdraws this objection.

PSR ¶¶ 18, 19, 28, 29, and 31 Gross Sales and Infringement Amount
     Considering USSG §2B5.3 and its objectives as a whole, and the facts of this case, the Court believes that the most appropriate analytical approach to calculating infringement amount is under USSG § 2B5.3, note 2(A)(iv).  In the Court's view, it is reasonable to believe that the infringed amount, per descrambler, was the fair market value paid to purchase a descrambler by a willing purchaser who expected to receive cable programming that would equal or exceed that retail purchase price.  The Court expressly rejects defendant's argument that the calculation of loss is to be calculated by the statutory provisions of 47 U.S.C. § 553(c) related to civil lawsuits for cable theft and defendant's related argument that loss for the purposes of sentencing is limited to either proven actual loss or $10,000.  This case is governed by the advisory Sentencing

Guidelines. Given that, the Court is inclined to agree with the Probation Officer's recommendation, that is, that the infringement amount was over $7,000,000 (because defendant sold approximately 50,000 descramblers at an average price of $200 per descrambler), and that defendant's offense level should be increased by 20 levels under USSG § 2B5.3(b)(1). A final ruling as to the exact infringement amount is deferred.

PSR ¶¶ 20-21: Seizures
    Defendant withdraws this objection.

PSR ¶ 32: Commercial Distribution of Works/ Manufacture of Infringing Items
    The Court tentatively believes that a two-level adjustment under USSG §2B5.3(b)(2) is warranted as the offense involved the display or distribution of a work being prepared for commercial distribution.
    The Court is still considering whether a two-level increase is warranted under USSG §2B5.3(b)(3), as suggested by the Probation Office and the Government, because the offense involved the manufacture of infringing items, that is, cable boxes that allowed consumers to illicitly obtain programming from cable television providers.

PSR ¶ 33: Leadership Role
    The Court tentatively believes that a four-level adjustment may be warranted because defendant either organized or was a leader of otherwise extensive criminal conduct, pursuant to USSG §3B1.1. The Court notes that the leadership adjustment can, as appropriate, be applied to co-leaders or co-organizers. The Court deferred ruling.

PSR ¶ 36: Adjusted Offense Level
    No ruling has been made.

PSR ¶ 39: Acceptance of Responsibility
    No ruling has been made.

PSR ¶ 40: Total Offense Level
    No ruling has been made.

PSR ¶ 46: Defendant's Burglary Arrest
    Defendant, contrary to his previous denial, now admits that he was arrested for burglary in 1979 as indicated in the PSR. Defendant withdraws this objection.

PSR ¶ 49: Defendant's Father
    The Court will not resolve this factual issue or consider it for the purposes of sentencing as it will not materially impact the sentencing analysis, whether under the Guidelines or 18 U.S.C. § 3553. Defendant withdraws this objection.

PSR ¶ 52: Defendant's Physical Condition
    The Court does not construe this as an objection.

PSR ¶ 58: Defendant's 1999-2003 Employment

The Court will not resolve this factual issue or consider it for the purposes of sentencing as it will not materially impact the sentencing analysis, whether under the Guidelines or 18 U.S.C. § 3553. Defendant withdraws this objection.

PSR ¶ 62: Fine
The Court has tentatively indicated that it believes a substantial fine is warranted (in the range of perhaps $500,000) because of the nature of the offense and the difficulties associated with calculation of restitution. The Court needs to determine what fine is reasonable in light of defendant's actual or potential ability to pay.

PSR ¶ 64: Guideline Provisions
The Court has not ruled on this objection.

PSR ¶ 65: Probation
Defendant withdraws this objection.

PSR ¶ 70: Downward Departure Requests (Erroneously referenced by defendant as PSR ¶ 69)
The Court construes these objections as legal arguments which the defense may advance as it deems appropriate.

PSR ¶¶ 73-75: Factors under 18 U.S.C. § 3553(a)(2)
The Court construes these objections as legal arguments which the defense may advance as it deems appropriate.

## II. Government's Objections

PSR ¶ 34: Circumventing a Technological Security Device
The Court sustains the Government's objection to the PSR and finds, contrary to the recommendation of the Probation Office, that a two-level enhancement under §§ 2B5.3, comment (n.3), 3B1.3 is applicable in this case because defendant circumvented a technological security device to gain access to an infringed item.

PSR ¶¶ 68-69: Upward Departures
The Court construes these objections as legal arguments which the Government may advance as it deems appropriate.

PSR ¶¶ 73-75: Factors under 18 U.S.C. § 3553(a)(2)
The Court construes these objections as legal arguments which the Government may advance as it deems appropriate.

## III. Defendant's Request for an Evidentiary Hearing

The Court grants defendant's request for defendant to testify on the following topics:
- Defendant's role in the operation/management of the descrambler business;
- Any personal or physical mitigating circumstances;
- Defendant's ability to pay a fine; and
- Defendant's explanation related to the CDCA injunction.

The Court also grants defendant's request to present three character witnesses.  Defendant shall submit declarations for all such witnesses and examination of the same by the defense shall last for no more than five to ten minutes.

DATED: June 13, 2007

                        /s/ David F. Levi
                        DAVID F. LEVI
                        Chief Judge
                        United States District Court